Leigh Quirk, Sr. Acct. Planner The Communications Group 400 W. Capitol, Ste. 1391 Little Rock, AR 72201
Dear Ms. Quirk:
You have requested approval, pursuant to the Interlocal Cooperation Act (A.C.A. § 25-20-101 et seq.), of a proposed interlocal agreement between the Arkansas Department of Human Services — Division of Medical Services (referenced as "the State" in the proposed agreement) and the Memphis and Shelby County Health Department.
You have submitted a copy of the agreement, under the terms of which the parties agree generally to cooperate in the continued operation of an outreach program to encourage early and continuous prenatal care (known as "the Campaign for Healthier Babies"), specifically by gaining access to the electronic media and other material production efficiencies that are made possible through a cooperative project.
The Interlocal Cooperation Act requires that interlocal agreements for joint or cooperative action specify the following items:
(1) The duration of the agreement;
(2) The purposes of the agreement;
 (3) The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget for it;
 (4) The methods of accomplishing termination of the agreement and for the disposal of property, if any, upon termination;
(5) Any other necessary and proper matters.
A.C.A. § 25-20-104(c).
In addition, if the interlocal agreement does not establish a separate legal entity to conduct the joint or cooperative undertaking, it must specify the following items:
 (1) The provision for an administrator or a joint board that will be responsible for administering the joint or cooperative undertaking;
 (2) The manner of acquiring, holding, and disposing of real and personal property, if any, used in the joint or cooperative undertaking.
A.C.A. § 25-20-104(d).
Having analyzed the agreement between the Arkansas Department of Human Services — Division of Medical Services, and the Memphis and Shelby County Health Department under the requirements of the Interlocal Cooperation Act, I find that the agreement meets those requirements.
However, concluding that the proposed agreement is formally in compliance with the law does not in itself fulfill my statutorily imposed review obligations. Section 25-20-104 of the Code further provides in pertinent part:
 (e) No agreement made pursuant to this chapter shall relieve any public agency of any obligation or responsibility imposed upon it by law except that, to the extent of actual and timely performance thereof by a joint board or other legal or administrative entity created by an agreement made hereunder, performance may be offered in satisfaction of the obligation or responsibility.
 (f)(1) Every agreement made under this section prior to, and as a condition precedent to, its entry into force shall be submitted to the Attorney General, who shall determine whether the agreement is in proper form and compatible with the laws of this state.
(Emphasis added.) Unlike the various versions of your proposed interlocal agreement that this office has approved in the past, your current proposed agreement contains what purports to be an indemnification clause, which provides as follows:
VIII. INDEMNIFICATION
 A. With respect to any loss, expense, damage, liability, claims or demands either at law or in equity for actual or alleged injuries to persons or property that occur in connection with, in breach of, or in the performance of this contract, the State agrees with the Health Department that: (a) the State will cooperate with the Health Department in the defense of any action or claim brought against the Health Department by a third party; (b) the State will in good faith cooperate with the Health Department should the Health Department present any claims of the foregoing nature against any contractor; (c) the State will not take any action to frustrate or delay the prompt hearing on the claims of the foregoing nature and will make reasonable efforts to expedite said hearing; provided, however, the State reserves its right to assert in good faith all claims and defenses available to it in any proceedings. The obligations of this paragraph shall survive the expiration and termination of this agreement.
In my opinion, this provision is unacceptably confusing in various respects. First, although captioning this section "INDEMNIFICATION" suggests that the State might be held liable for any judgment rendered against the Health Department in an action for personal injury or property damage,[1] the actual text of Section VIII contains no such provision. It merely provides (a) that the State will "cooperate" with the Health Department in defending against any claim brought against the Health Department by a third party and (b) that the State will further "cooperate" in any action the Health Department may elect to pursue against a contractor, presumably in an action for indemnification. Nothing in Section VIII even remotely clarifies what form this "cooperation" should take. Does the term mean that the Sate must help to defray the Health Department's legal expenses? Does it mean the State must actually participate as a party in any of the referenced lawsuits, as suggested in the closing language regarding the State's expediting hearings subject to a reservation of claims and defenses? Does it mean the State must merely make available information and documents pertinent to any given lawsuit? Or does the caption mean that the State is actually obligating itself to indemnify the Health Department for any judgments rendered against it?
Until I receive a version of your proposed agreement that clearly states what Section VIII would require, I cannot meaningfully opine whether its provisions are objectionable on some substantive ground. However, I will note that I would approach with grave reservations any proposed provision that would obligate an agency of this state to waive sovereign immunity without clear legislative sanction, to hold harmless an agency of another state or to pay the Health Department's independent legal expenses.[2]
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] Black's Law Dictionary (7th ed. 1999) defines the term "indemnity" as follows:
 1. A duty to make good any loss, damage, or liability incurred by another. 2. The right of an injure party to claim reimbursement for its loss, damage, or liability from a person who has such a duty. 3. Reimbursement or compensation for loss, damage, or liability in tort; esp., the right of a party who is secondarily liable to recover from the party who is primarily liable for reimbursement of expenditures paid to a third party for injuries resulting from a violation of a common-law duty.
[2] You have requested that the Attorney General sign the contract to signify his approval thereof. The Interlocal Cooperation Act does not provide for the Attorney General to become a signatory to contracts approved pursuant to the Act. Consequently, you should not provide for my signature on any resubmitted proposed agreement.